IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
NOV 2 2 2019
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**ADAM HAROLD RODGERS,**

    **Plaintiff,**

v.                                                 **CIVIL ACTION NO. 2:19cv352**

**ANDREW SAUL,**
**Commissioner,**
**Social Security Administration,**

    **Defendant.**

*MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Adam Harold Rodgers' ("Plaintiff") objections to the Magistrate Judge's Report and Recommendation ("R&R"). For the reasons set forth below, the R&R is **ACCEPTED** and **ADOPTED**. Commissioner Andrew Saul's ("Commissioner") Motion to Dismiss is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

The Magistrate Judge's R&R thoroughly details the factual and procedural history of the case. *See* ECF No. 20 at 2–7. By April 12, 2016, Plaintiff received notice of the Commissioner's final decision to deny his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff filed suit on July 10, 2019 under 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision to deny him DIB and SSI. ECF No. 3. On September 11, 2019, the Commissioner filed his Motion to Dismiss. ECF Nos. 9, 10. On the same day, the Commissioner filed and served Plaintiff with a Roseboro notice, pursuant to the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). On September 27, 2019, Plaintiff responded in opposition to the Commissioner's Motion to Dismiss. ECF No. 12. On October 7, 2019, the Commissioner's Motion to Dismiss was referred to the Magistrate Judge in

1

order to conduct the proceedings necessary for the issuance of a R&R to this Court. ECF No. 13. On October 25, 2019, the Magistrate Judge issued his R&R, which recommends this Court grant the Commissioner's Motion to Dismiss. ECF No. 14. On November 7, 2019, Plaintiff filed his initial objections to the R&R, which were supplemented by his counsel's objections on November 8, 2019. ECF Nos. 15, 17. On November 13, 2019, the Commissioner filed his response to the Plaintiff's objections. ECF No. 18. After an independent review of the evidence supporting the Magistrate Judge's R&R, this matter is now ripe for final disposition.

## II. STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." The *de novo* requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the magistrate judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A district court must review the relevant findings by the magistrate judge *de novo* when a party properly objects to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections made to the report must be made "with sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Objections must also respond to specific errors in the report and recommendation because general or conclusory objections are not proper. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections are the equivalent of a waiver. *Id.*

2

## III. DISCUSSION

Plaintiff contends that the equities favor tolling the statute of limitations because he was diligent in pursuit of his claim, but unaware of the requirement that he pursue a civil action within sixty days of a final decision by the Commissioner at the agency level pursuant to 42 U.S.C. § 405(g).

Generally, the sixty day statute of limitations of § 405(g) is a condition on the waiver of sovereign immunity and must be strictly construed. *Bowen v. N.Y.C.*, 476 U.S. 467, 479 (1986). However, Congress has authorized a clear intention to allow tolling in some cases. *Id.* at 480. While in most cases the Commissioner will make the determination whether it is proper to toll the sixty day limit, cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment are inappropriate. *Id.* at 480 (citing *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

After the Court's review of the underlying evidence, there is no basis for the equitable tolling of the limitations period. By April 12, 2016, Plaintiff received a document entitled "Notice of Appeals Council Action," advising him of his right to commence a civil action "by filing a complaint in the United States District Court for the judicial district where you reside." ECF No. 10-1. Plaintiff was further notified that he "[h]ad 60 days to file a civil action (ask for court review)," that he "must have a good reason for wanting more than 60 days to ask for court review," *and* given instructions on "How to File a Civil Action." *Id.*

Plaintiff did not file his Complaint in the instant case until July 10, 2019 (ECF No. 3), nearly three years after he received his Notice of Appeals Council Action. Plaintiff does not articulate any reason that the Notice of Appeals Council Action was deficient in informing him of his option to seek to judicial review of the Commissioner's final decision, nor does he explain

why a three year delay in filing the instant civil action is justified. Moreover, Plaintiff received a clear explanation on "How to File a Civil Action," including all the necessary steps to file a complaint in this Court. *See* ECF No. 10-1. The colloquial perception that "enormous patience is required for any action" and Plaintiff's reliance on his counsel to pursue agency appeals do not justify Plaintiff's three year delay in filing the instant action. Further, such perceptions do not establish sufficient cause to justify tolling the limitations period after the Commissioner's Motion to Dismiss, particularly when considered alongside the notice Plaintiff was provided by the Commissioner.

Based on a *de novo* review of the filings and the R&R, this Court determines that the Magistrate Judge's recommendations and findings are proper. *Wilmer*, 774 F.2d at 73. The R&R supports all factual findings and the Court finds that Plaintiff's objections are without merit. Further, the Court does not find any legal errors in the Magistrate Judge's findings. Accordingly, the Court concludes that Plaintiff raises no grounds which warrant this Court's departure from the recommendations as stated in the Magistrate Judge's R&R.

## IV. CONCLUSION

The Court has independently reviewed the filings in this case and Plaintiff's objections to the R&R. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. The findings and recommendations in the Magistrate Judge's R&R dated October 25, 2019 are hereby **ACCEPTED** and **ADOPTED**. Specifically, the Commissioner's Motion to Dismiss is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
November 26, 2019

Raymond A. Jackson
United States District Judge

4